United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 04-10254
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY LAMONT AUSTIN,

Defendant-Appellant.

———————————————
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-256-ALL-A
———————————————

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gregory Lamont Austin appeals his sentence for his guilty-plea conviction of being a felon in possession of a firearm. Austin argues that the district court clearly erred in finding that his sentence should be enhanced by three levels because police officers were deemed to be official victims of his possession of the firearm under U.S.S.G. § 3A1.2(b). In particular, he argues that the district court erroneously found that Austin knew it was the police and not a burglar when he fired the gun.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not clearly err when it applied the three-level enhancement.  See United States v. Polk, 118 F.3d 286, 297 (5th Cir. 1997).  Two officers testified that all of the officers present "yelled" to announce their presence as they were battering Austin's door down.  Although Austin argued that he could not have been expected to hear the officers' announcement because a television was on in the back bedroom, the district court chose instead to credit the officers' testimony regarding the loudness of their announcement.  To do so was not clear error.  See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985).

Austin also argues that the district court committed plain error in enhancing his sentence based on findings not alleged in the indictment, proven to a jury, or proven beyond a reasonable doubt in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004).  As Austin acknowledges, this issue is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004), in which this court held "that Blakely does not extend to the federal Guidelines."  The judgment of the district court is AFFIRMED.