United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 04-10254

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY LAMONT AUSTIN,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 4:03-CR-256-ALL-A

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On a previous appeal, we affirmed Gregory Lamont Austin's sentence for being a felon in

possession of a firearm. *United States v. Austin*, 111 Fed.Appx. 783 (5th Cir. Nov. 11, 2004) (per

curiam) (unpublished). Austin sought ⟩ ⟩ and the Supreme Court granted ⟩ ⟩ a writ of certiorari. The

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court vacated the judgment and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Austin failed to raise a *Booker* claim before the district court. Thus, we review his sentence for plain error. *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). Under plain error, this court may only correct a defendant's sentence if there is an: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see also* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

To show reversible plain error under *Booker*, the petitioner must "demonstrate[] that the sentencing judge)) sentencing under an advisory scheme rather than a mandatory one)) would have reached a significantly different result." *Mares*, 402 F.3d at 521. "[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Id.* Austin concedes that he cannot show that he would have received a lower sentence had the Guidelines been advisory rather than mandatory.

Austin instead contends that *Booker* violates the Ex Post Facto and Due Process Clauses. Even if these were valid attacks on *Booker*, we must follow Supreme Court precedent. *See Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484 (1989) ("If a precedent of [the Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions.").

Accordingly, we conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming the defendant's conviction and sentence.